**La Von HURST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24027.

United States Court of Appeals, Ninth Circuit.

April 21, 1970.

Dan P. Danilov, Seattle, Wash., for appellant.

J. Bryan Holcomb (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal by La Von Hurst from his conviction on two counts of possession of narcotics in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). We affirm.

Appellant first contends that the District Court erred in denying his motion to suppress evidence which was the product of an allegedly unlawful arrest. The facts of appellant's arrest are as

follows: On September 10, 1968, Seattle police officers were alerted by police broadcast to pick up two men in a 1964 Pontiac convertible. A warrant had been issued for the arrest of one of the men, Bobby Roy Bush. Officers apprehended the car and, as they did not know which man was Bush, they arrested both Bush and his companion, appellant. The officers in the course of the arrest patted down appellant and, finding a pistol and ammunition, arrested him for carrying a concealed weapon. After taking him to the police station, an officer removed his hat and, discovering a rubber condom containing heroin, arrested him for possession of narcotics.

We need not decide the validity of the initial arrest of appellant.[1] We consider that the officers lawfully arrested Bush. In the process of that arrest, they had a right to pat down appellant for their own protection. *See* Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Upon discovery of the pistol during the pat-down, they lawfully arrested him for carrying a concealed weapon. The subsequent search of appellant at the police station, during which the heroin was uncovered, was incident to this lawful arrest. It is this lawful arrest which distinguishes the instant case from United States v. Die Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948), upon which appellant relies heavily.

Hurst next asserts that the trial court erred in refusing to admit into evidence tapes of police broadcasts from the date of his arrest which he hoped would reveal that the police knew which of the occupants of the car was Bush. If they had this information, it would have been unnecessary to arrest Hurst. The District Judge, at the suggestion of appellant's counsel, listened to the tapes *in camera* and determined that they were of no materiality. We believe that they were properly excluded.

Appellant finally attacks the constitutionality of the statutes under which he was convicted in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). This contention has recently been rejected, with respect to heroin, in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

Judgment affirmed.

---

1. There is authority for the proposition that the officers validly arrested both men for the purpose of detaining them until they could ascertain which was Bush. Cf. United States v. Pitt, 382 F.2d 322 (4th Cir. 1967).